UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAYLYNN TORRES,

     Plaintiff,

v.                             Case No.: 8:21-cv-1969-KCD

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## ORDER[1]

Kaylynn Torres sues on behalf of her child K.T. under 42 U.S.C. §§ 405(g) and 1383(c)(3).[2] She seeks review and reversal of the Commissioner of Social Security's decision denying her application for supplemental security income. (Doc. 18 at 2.) For the reasons below, the Commissioner's decision is affirmed.

## I. Background

Torres filed for disability benefits claiming that K.T.'s asthma and clubfoot impairment prevent him from engaging in substantial gainful activity.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

(*See* Doc. 18 at 1–2.) After her application was denied initially and upon reconsideration, Torres requested a hearing before an administrative law judge. (*Id.*) K.T. was a school-aged child when the application was filed in 2019, and an adolescent at the time of the ALJ's review. (Tr. 22.)

In assessing K.T.'s application, the ALJ followed the multi-step process established by the Commissioner.[3] (Tr. 21.) In the first step, the ALJ determined K.T. had not engaged in any substantial gainful activity. (*Id.*) In step two, he found that K.T. has two severe impairments: "asthma and a history of left congenital clubfoot with left ankle impingement status post open talar ostectomy." (*Id.*) Third, the ALJ found that K.T.'s impairments do not meet or medically equal any listed impairment. (*Id.*) Finally, he determined that K.T.'s impairments are not functionally equivalent to a listed impairment. (*Id.* at 23.)

Torres appeals the ALJ's assessment at the last step, claiming he incorrectly evaluated the severity of K.T.'s limitations. (Doc. 18 at 8.) In determining functional equivalency, an ALJ assesses the "degree to which the [claimant's] limitations interfere with the [claimant's] normal life activities." *Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). The ALJ

---

[3] The ALJ asks: (1) is the minor currently engaged in substantial gainful activity; (2) does he have a severe impairment or combination of impairments; and (3) does the impairment or combination of impairments meet, medically equal, or functionally equal the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924.

must consider six "major domains of life": (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. *Id.*; 20 C.F.R. § 416.926a(b)(1). An impairment functionally equals the listings if it causes marked limitations in two domains or an extreme limitation in one domain. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(d).

Here, the ALJ concluded that K.T. has:

- <u>no</u> limitation in acquiring and using information;
- <u>less than a marked</u> limitation in attending and completing tasks;
- <u>no</u> limitation in interacting and relating with others;
- <u>less than a marked</u> limitation in moving about and manipulating objects;
- <u>no</u> limitation in the ability to care for himself/herself; and
- <u>less than a marked</u> limitation in health and physical well-being.

(Tr. 24.) These assessments were made after the ALJ considered all relevant evidence to evaluate the "whole child." (*Id.* at 23.) This included the hearing testimony, a report by K.T.'s teacher, and various medical opinions. (*Id.* at 24–27.) Ultimately, the ALJ's decision rested on his determination that K.T. does not have a marked limitation in two domains of functioning or an extreme limitation in one domain of functioning.

The Appeals Council denied Torres' request for further review. (Tr. 1–8.) The ALJ's opinion thus became the final agency decision, and this appeal timely followed. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

## II. Standard of Review

A court's review of a decision by the Commissioner is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The "threshold for such evidentiary sufficiency is not high." *Id.*

If substantial evidence supports an ALJ's decision, a court must affirm, even if other evidence preponderates against the factual findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). The court may not decide facts anew, re-weigh evidence, make credibility determinations, or substitute its judgment for the Commissioner's. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

## III. Analysis

As mentioned, this appeal focuses on whether the ALJ erred in evaluating the severity of K.T.'s impairments. In other words, does substantial

evidence support the ALJ's finding that K.T.'s impairments are not functionally equivalent to a listed impairment? Relying on a report from K.T.'s teacher, Torres argues that K.T. has serious problems in four subcategories within the "Interacting and Relating with Others" domain. (Tr. 277.) These serious problems, Torres claims, should merit a finding of at least "marked limitation" in this domain. (Doc. 18 at 8–9.) As best as the Court can tell, Torres surmises this finding would meet the third step in the Commissioner's process.[4]

The Court is unconvinced for several reasons. First, substantial evidence supports the ALJ's finding that K.T. has no limitation in the "Interacting and Relating with Others" domain. In assessing this domain, an ALJ is to consider how well the claimant "initiate[s] and sustain[s] emotional connections with others, develop[s] and use[s] the language of [his] community, cooperate[s] with others, compl[ies] with rules, respond[s] to criticism, and respect[s] and take[s] care of the possessions of others." *Id.* § 416.926a(i). Here, the teacher's questionnaire underpinning Torres's argument provides that K.T. has a serious problem in only four of the thirteen rated subcategories. That alone leaves sufficient room for the ALJ to reach a contrary finding.

---

[4] The Commissioner argues that Torres failed to concisely state her contentions supported by legal authority, which "has rendered her argument difficult to follow." (Doc. 18 at 10.) The Court agrees.

The ALJ also discounted the teacher's report because it "is not fully consistent with the record as a whole [.]" (Tr. 26.) Among other inconsistencies, the ALJ noted that the teacher found K.T. "had only slight problems making and keeping friends, as well as respecting and obeying adults in authority." (*Id.*) And Torres herself reported that K.T. has no limitations in his ability to get along with others. (*Id.*) Finally, the state agency medical consultant found no limitations in this domain, an opinion the ALJ found persuasive. (*Id.*) Taken together, these observations create the substantial evidence needed to support the ALJ's assessment of K.T.

Second, Torres conflates K.T.'s teacher's finding of "serious problems" with the regulatory classification of "marked limitations." (*Id.* at 8–9.) They are not the same. Rather, the subcategories considered by teachers "only loosely correspond to the examples of limited functioning in each domain listed in the regulations, which themselves do not necessarily describe a 'marked' or 'extreme' limitation." *Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 823 (11th Cir. 2015).

Finally, even if the ALJ was wrong and should have found a marked limitation as Torres claims, the error was harmless. Functional equivalence requires marked limitations in two domains or an extreme limitation in one. 20 C.F.R. § 416.926a(d). The ALJ did not find marked or extreme limitations

in any other domain. (Tr. 24.) So, finding one marked limitation here would make no difference.

One last issue. Torres claims that the question of whether a limitation is "marked" is legal in nature, not factual, and therefore not subject to deference upon judicial review. Although not entirely clear, Torres seems to suggest that the Court cannot defer to the ALJ's decision. She is flat wrong. *See, e.g.*, *Jackson v. Kijakazi*, No. 8:20-CV-2013-JSM-TGW, 2021 WL 6011924, at *3–4 (M.D. Fla. Nov. 29, 2021), *report and recommendation adopted sub nom. Jackson v. Comm'r of Soc. Sec.*, No. 8:20-CV-2013-JSM-TGW, 2021 WL 5999297 (M.D. Fla. Dec. 20, 2021) ("[T]he court must give deference to the law judge's findings. And that deference is even more important with respect to the findings regarding the domains of functional equivalence.").

At bottom, Torres has failed to show error in the ALJ's treatment of the "Interacting and Relating with Others" domain. Given that is the only argument on appeal, the Commissioner's decision must be **AFFIRMED**. The Court thus directs the Clerk to enter judgment for the Commissioner and against Kaylynn Torres and close the file.

**DONE AND ORDERED** in Fort Myers, Florida this August 25, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record